# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Robert T. Walker,

    Plaintiff

v.

Steven Ervin, et al.,

    Defendants

2:15-cv-00514-JAD-PAL

**Order Granting Motion for Summary Judgment**

[ECF No. 15]

    Pro se state-prison inmate Robert T. Walker sues a handful of High Desert State Prison officials for retaliating against him by searching his cell after he complained about being classified as a member of a security-threat group. Defendants move for summary judgment on Walker's sole retaliation claim. Because Walker did not properly exhaust all of his administrative remedies, I grant defendants' motion for summary judgment, enter judgment for defendants and against Walker, and close this case.[1]

## Discussion

**A.**    **Summary-judgment standards**

    Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[2] When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[3] If reasonable minds could differ on the material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the

---

[1] I find this matter suitable for disposition without oral argument. L.R. 78-1.

[2] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing FED. R. CIV. P. 56(c)).

[3] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

facts are undisputed and the case must proceed to the trier of fact.[4]

If the moving party satisfies FRCP 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for as to the material facts"; it "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in its favor.[5]  The court may only consider facts that could be presented in an admissible form at trial in deciding a motion for summary judgment.[6] Summary judgment may not be granted by default.[7]

Defendants argue that they are entitled to summary judgment because there is no evidence that the cell searches Walker complains of were retaliatory, none of these supervisory defendants personally participated in the searches, Walker failed to exhaust his administrative remedies, defendants enjoy qualified immunity from his claim, and defendants cannot be sued for monetary damages in their official capacities.  Walker has filed no response to defendants' long-since ripe motion.  Nonetheless, because summary judgment cannot be granted by default, I examine the record to determine if defendants have met their summary-judgment burden.  I find that they have.

**B.     Defendants are entitled to summary judgment because Walker failed to properly exhaust all administrative remedies as required under the PLRA.**

*1.     Prisoner plaintiffs must fully exhaust the grievance process before filing suit.*

The PLRA requires inmates to exhaust all available administrative remedies before filing "any suit challenging prison conditions."[8]  Failure to properly exhaust all available administrative

---

[4] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[5] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson,* 477 U.S. at 248–49.

[6] FED. R. CIV. P. 56(c).

[7] *See Henry v. Gill Industries, Inc.*, 983 F.2d 943, 949–50 (9th Cir. 1993).

[8] 42 U.S.C. § 1997e(a).

remedies as required by the PLRA is "an affirmative defense the defendant must plead and prove."[9] Once a defendant proves that there was an available administrative remedy that the inmate did not exhaust, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."[10] Nonetheless, the ultimate burden of proof remains with the defendant.[11] The question of exhaustion is typically disposed of on summary judgment, with the judge deciding disputed factual issues relevant to exhaustion.[12] If feasible, exhaustion should be decided before reaching the merits of a prisoner's claims.[13]

In *Woodford v. Ngo,* the United States Supreme Court held that the PLRA's exhaustion requirement requires *proper* exhaustion.[14] Proper exhaustion means that the inmate must comply with the prison's "deadlines and other critical procedural rules"[15] and properly use "all steps that the [prison] holds out," so that the prison is given an opportunity to address the issues on the merits.[16] And just last term in *Ross v. Blake*, the United States Supreme Court reiterated that the PLRA's proper-exhaustion requirement is mandatory: exhaustion is only excused if administrative procedures are not available.[17]

---

[9] *Jones v. Bock*, 549 U.S. 199, 204 (2007).

[10] *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014).

[11] *Id.*

[12] *Id.* at 1170–71.

[13] *Id.*, 747 F.3d at 1170.

[14] *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (emphasis added).

[15] *Id.* at 91.

[16] *Id.* at 90–91 (internal citation and quotation omitted).

[17] *Ross v. Blake*, __S.Ct.__, 2016 WL 3128839, at * 5 (June 6, 2016) (holding that a court may not excuse an inmate's failure to exhaust administrative remedies before bringing suit under the PLRA, even to take "special" circumstances into account).

### 2. Defendants have shown that Walker failed to exhaust all available administrative remedies before filing suit.

The NDOC has a three-level grievance process.[18] An inmate begins this process by filing an informal grievance. An inmate can appeal the prison's response to his informal grievance by filing a first-level grievance. To exhaust, the inmate must also appeal the prison's first-level response by filing a second-level grievance.[19]

Walker filed only one grievance about the alleged retaliatory cell searches: grievance number 2006-29-82731.[20] But defendants' exhibits show that Walker failed to exhaust that grievance by filing a first and second-level grievance.[21] Defendants thus shifted the exhaustion burden to Walker. Walker has filed no response and thus offers no "evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him"[22] as is required to excuse a failure to exhaust. The undisputed facts thus show that the grievance process was available to Walker because he continued to file grievances about other issues during this time frame.[23] Because defendants have shown that the prison was never given the opportunity to address Walker's retaliation claim at each level of the grievance process and Walker has not shown that the PLRA's mandatory exhaustion requirement is excused, defendants are entitled to summary judgment and I decline to address the merits of Walker's claims.

---

[18] AR 740.

[19] AR 740.04, 740.05, 740.06, 740.07.

[20] ECF No. 15-7.

[21] *Id.*

[22] *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014).

[23] ECF No. 15-8.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that **defendants' motion for summary judgment [ECF No. 15] is GRANTED.**

The Clerk of Court is directed to enter judgment for defendants and against Walker and to CLOSE THIS CASE.

Dated this 10th day of January, 2017.

_____
Jennifer A. Dorsey
United States District Judge